AO 247 (Rev. 11/23)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Georgia
Statesboro Division

| | |
|---|---|
| United States of America<br>v.<br>Darryl Marcus Allen,<br>AKA "Twin" | )<br>)  Case No:    6:20CR00001-10<br>)<br>)  USM No:    23434-021 |
| Date of Original Judgment:            November 8, 2021<br>Date of Previous Amended Judgment: N/A<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)  Robert Marion Mock, Jr.<br>*Defendant's Former Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of    ☒ the defendant    ☐ the Director of the Bureau of Prisons    ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Since Amendment 829 of the Sentencing Guidelines was not made retroactive, a reduction in sentence is not authorized under 18 U.S.C. § 3582(c)(2). USSG §1B1.10(d). Further, since the defendant was sentenced prior to November 1, 2023, the Court has conducted a *sua sponte* review of this case to determine whether a sentence reduction is warranted pursuant to Amendment 821 of the Sentencing Guidelines. The original sentence imposed (156 months of imprisonment) was near the bottom of the advisory guideline range and was determined to be the appropriate sentence after full consideration of the sentencing factors in 18 U.S.C. § 3553(a), given the defendant's classification as a career offender. Retroactive application of Amendment 821 results in a reduction to the defendant's total criminal history score from nine points to eight points; however, such application does not result in a reduction to the criminal history category, given the defendant's classification as a career offender. Accordingly, since retroactive application of Amendment 821 does not have the effect of lowering the defendant's total offense level, his criminal history category, or his applicable guideline range, a reduction in sentence is not authorized under 18 U.S.C. § 3582(c)(2). USSG §1B1.10(a)(2)(B).

Except as otherwise provided, all provisions of the judgment dated ____November 8, 2021____ shall remain in effect.

**IT IS SO ORDERED**.

Order Date:            April 7, 2026

Effective Date: _____
*(if different from order date)*

R. Stan Baker, Chief Judge
United States District Court
Southern District of Georgia